# United States District Court
## for
## Middle District of Tennessee

### Petition to Modify the Conditions or Term of Supervision
*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: <u>Jack Jesse Griffith</u>          Case Number: <u>3:22-00022</u>

Name of Current Judicial Officer: <u>Honorable Eli Richardson, U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>Honorable Beryl A. Howell, U.S. District Judge (DC)</u>

Date of Original Sentence: <u>October 28, 2021</u>

Original Offense: <u>40 U.S.C. § 5104(e)(2)(G), 40 U.S.C. § 5109(b) Parading, Demonstrating, or Picketing in a Capitol Building</u>

Original Sentence: <u>36 months' probation</u>

Type of Supervision: <u>Probation</u>          Date Supervision Commenced: <u>October 28, 2021</u>

Assistant U.S. Attorney: <u>Unassigned</u>          Defense Attorney: <u>Unassigned</u>

### PETITIONING THE COURT

To modify the probation conditions as follows:

**The defendant shall remain on home detention with electronic monitoring for an additional two weeks (14 days) beyond his original sentence of 90 days.**

THE COURT ORDERS:

☐ No Action
☐ The extension of supervision as noted above.
☒ The modification(s) as noted above.
☐ Other

Considered this <u>26th</u> day of <u>January</u>, 2022, and made a part of the records in the above case.

*Eli Richardson*
Honorable Eli Richardson
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Brandon Gentry
U.S. Probation Officer

Place    Cookeville, Tennessee

Date    January 26, 2022

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

**Violation No.**     **Nature of Noncompliance**

**1.**          **The defendant will be monitoreed by the form of location monitoring technology indicated herein for a period of 90 days, and he must follow the rules and regulations of the location monitoring program.  The cost of the program is waived.  Location monitoring technology at the discretion of the probation officer, including: Radio Frequency (RF) Monitoring; GPS Monitoring; SmartLINK; or Voice Recognition. This form of location monitoring technology will be used to monitor the following restrictions on the defendant's movement in the community: the defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).**

On November 3, 2021, Mr. Griffith had electronic monitoring equipment installed and began his 90-day period of home detention.  Since that time, there have been several violations of the conditions of his home detention, they are as follows:

November 6, 2021- Unauthorized leave
December 10, 2021- Unauthorized leave
December 17, 2021- Did not enter
December 21, 2021- Unauthorized leave
December 25, 2021- Unauthorized leave
December 28, 2021- Unauthorized leave
January 11, 2022- Unauthorized leave

**2.**          **The defendant is ordered to make restitution to the Architect of the Capitol in the amount of $500.00.  The Court determined that the defendant does not have the ability to pay interest and therefore waives any interest or penalties that may accrue on the balance.   The defendant must pay the balance of any restitution owed at a rate of no less than $25.00 each month.**

On November 3, 2021, the probation officer reviewed with Mr. Griffith all the conditions of his supervision.   Mr. Griffith was advised he is to pay restitution in the amount of five-hundred dollars and is required to pay a minimum of twenty-five dollars a month until the balance is paid. As of January 26, 2022, despite previously having employment income, he has not made a payment toward his obligation.

**Compliance with Supervision Conditions and Prior Interventions:**
Jack Jesse Griffith began his three-year term of probation on October 28, 2021, and his supervision is due to terminate on October 27, 2024. He has recently become unemployed and is residing in Gallatin, Tennessee.

Mr. Griffith's electronic monitoring equipment was installed on November 3, 2021.   The probation officer quickly began receiving notifications that Mr. Griffith was not in compliance with his home detention. The probation officer had multiple conversations with Mr. Griffith about the importance of complying with his home detention and communicating with the probation officer concerning necessary changes in his schedule.   On multiple occasions, Mr. Griffith stated he was at his place of employment, when in fact he was at other locations. He has been given time to conduct personal business and not return at the instructed

time.   The probation officer has discussed the possible repercussions with Mr. Griffith if he fails to comply with the conditions of his probation.   He has stated that he understands.

Recently, Mr. Griffith has become unemployed.   He is reportedly in the process of finding employment. The probation officer has discussed with Mr. Griffith the fact that he has not made a payment toward his special assessment or restitution, and he needs to do so immediately.   He stated he understands and will make a payment as soon as possible.

At this time, the probation officer recommends the modification of Mr. Griffith's supervision conditions based on the information noted above. A waiver of hearing form to modify the conditions of his supervised release was thoroughly explained to Mr. Griffith on January 22, 2022, and he stated he understood his right to representation by counsel and to a hearing. Mr. Griffith voluntarily signed the waiver to modify the conditions of his supervised release and it is attached for the Court's review and consideration.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that Mr. Griffith's special conditions of supervision be modified as indicated in this petition.


Approved: _____
                    Britton Shelton
                    Supervisory U.S. Probation Officer

PROB 49
(3/89)

# United States District Court

Middle Dist. Of Tennessee

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall remain on home detention with electronic monitoring for an additional two weeks (14 days) beyond his original sentence of 90 days.

Witness _____        Signed _____
          U.S. Probation Officer                        Probationer or Supervised Releasee

                    1/22/22
                    Date